UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATHEW CHASE GILBERT,

    Plaintiff,

v.                        Case No. 8:16-cv-1114-T-33JSS

JACLYN HILL, JACLYN HILL, LLC,
and JACLYN HILL COSMETICS, LLC,

    Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Defendants Jaclyn Hill, Jaclyn Hill, LLC, and Jaclyn Hill Cosmetics, LLC's Motion to Dismiss Amended Complaint (Doc. # 35), filed on July 14, 2016. On July 27, 2016, Plaintiff Mathew Chase Gilbert filed a response in opposition to the Motion. (Doc. # 36). For the reasons that follow, the Motion is granted.

**I. Background**

The following factual allegations are taken as true from Gilbert's Amended Complaint (Doc. # 23) for the purposes of resolving this motion to dismiss. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). Gilbert and Hill became close friends approximately seven years ago. (Doc. # 23 at ¶¶ 7, 8). In 2013, Gilbert designed and created

a business logo and branding slogans for Hill's cosmetics business. (Id. at ¶ 13). No contract or employment relationship existed between the parties at the time the logos and branding slogans were created, but Hill assured Gilbert that if Hill became successful, there would be a place for Gilbert in her business. (Id. at ¶¶ 14, 16). Gilbert also expressed to Hill that "he hoped the logo and branding could serve as publicity for his skills as a graphic designer, as well as a financial benefit in the form of unspecified payment and/or position in Defendants' future business." (Id. at ¶ 15).

When Hill's business grew and became profitable she continued to use Gilbert's designs and asked Gilbert to modify the designs on multiple occasions. (Id. at ¶¶ 19, 22). Hill also used Gilbert's logo and branding for collaborations with Gerald Cosmetics, Morphe Brushes, and a potential collaboration with Z Palette, which earned Hill thousands of dollars.(Id. at ¶¶ 23, 24).

In 2015, Hill provided Gilbert with a Work for Hire Agreement, which transferred all rights to Gilbert's artwork, logo, and branding to Hill in exchange for ten dollars.(Id. at ¶¶ 29, 32). Hill asked Gilbert to sign the Agreement, explaining that it was a business precaution, and by signing

2

Gilbert acknowledged he did not have ownership interest in Hill's company.(Id. at ¶¶ 29, 30). Gilbert relied on Hill's explanation of the Agreement and signed the document without reading it. (Id. at ¶ 31). Gilbert did not receive a copy of the Agreement and did not receive ten dollars. (Id. at ¶ 33).

Gilbert continued to provide his graphic design expertise to Hill for approximately eighteen months until he was informed by Hill that the Agreement he signed transferred all rights and ownership of his artwork to Hill. (Id. at ¶¶ 34, 37). Gilbert then ceased completing work for Hill, applied for a copyright to the logo he created, and sent a cease and desist letter to Hill demanding compensation.(Id. at ¶¶ 43, 44, 47). Hill continued to use Gilbert's artwork on Hill's marketing websites, and Hill's counsel responded to the cease and desist letter stating that Hill owned Gilbert's work based on the Agreement. (Id. at ¶¶ 45, 48, 49).

Consequently, Gilbert initiated this action for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101. In his Amended Complaint, Gilbert alleges his exclusive right to his copyright has been violated (Counts I, II, and III). Gilbert further alleges fraud in the inducement (Counts IV, V, and VI), fraudulent

misrepresentation (Counts VII, VIII, and IX), and unjust enrichment (Counts X, XI, and XII).

In the Motion to Dismiss, Hill argues that Gilbert's Amended Complaint is subject to dismissal pursuant to Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim upon which relief can be granted. (Doc. # 35). The Motion is ripe for the Court's review.

## II. **Legal Standard**

At the motion to dismiss stage, this Court accepts as true all allegations in the Complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 62 (11th Cir. 2004). Further, "the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true." Stephens, 901 F.2d at 1573. However, the Supreme Court explains:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Additionally, courts are not "bound to

accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

### III. Analysis

#### 1. Fraud (Counts IV, V, VI, VII, VIII, and IX)

As to the fraud in the inducement and fraudulent misrepresentation claims, Hill argues Gilbert fails to state a claim because the fraud claims are insufficiently pled under Rule 9(b), which requires a party to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The heightened pleading standard of Rule 9(b) is satisfied if the claim sets forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (citing Brooks v. BCBS Fla., Inc., 116 F.3d 1364, 1371 (11th Cir. 1997)). Gilbert claims fraud in the inducement and fraudulent misrepresentation, arguing he would not have signed the document if Hill had not intentionally misrepresented the purpose of the Agreement at the time it was signed. (Doc. # 23 at ¶¶ 76-78, 83-85, 90-92).

Additionally, to state a claim for fraud under Florida law, a party must demonstrate:

> (1) a false statement of fact; (2) known by the person making the statement to be false at the time it was made; (3) made for the purpose of inducing another to act in reliance thereon; (4) action by the other person in reliance on the correctness of the statement; and (5) resulting damage to the other person.

State Farm Mut. Auto. Ins. Co. v. Physicians Grp. of Sarasota, LLC, No. 8:13-cv-1932-T-17TGW, 2014 WL 1236240, at *6 (M.D. Fla. Mar. 25, 2014). Hill argues that Gilbert cannot, as a matter of law, prove elements four and five.

Hill maintains that Gilbert fails to adequately plead the fifth element of damages. (Doc. # 35 at 9). Counts IV-IX of Gilbert's Amended Complaint allege Gilbert's reliance resulted in "damage or injury to himself." (Doc. # 23 at ¶ 101). Gilbert also asserts he would not have continued to complete marketing work for Hill had he known about the true nature of the Agreement, and that based on Hill's misrepresentations Hill was able to continue to utilize Gilbert's artistic abilities for financial gain. (Id. at ¶¶ 79-80, 86-87, 93-94, 102-03).

These factual allegations made by Gilbert regarding the damages suffered are both conclusory and insufficient, and therefore may be disregarded. The allegations do not "state

6

with particularity the circumstances constituting fraud or mistake" as required by Rule 9(b). Additionally, a plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). Here, there is not sufficient factual matter to show that Gilbert suffered damages and is consequently entitled to any type of relief. Therefore, the fifth element of a fraud claim—resulting damage to the other person—is not met.

Additionally, Hill correctly argues that Counts IV, V, VI, VII, VIII, and IX fail to plead the fourth element of justifiable reliance. (Doc. # 35 at 7). Reliance on oral representations, even if false, is unreasonable as a matter of law if the parties enter into a subsequent agreement. <u>Hall v. Burger King Corp.</u>, 912 F. Supp. 1509, 1541 (S.D. Fla. 1995). "[T]he courts . . . have clearly held that a person who signs a contract is presumed to know its contents." <u>Id.</u> at 1521 (quoting <u>Swift v. N. Am. Co. for Life & Health Ins.</u>, 677 F. Supp. 1145, 1150 (S.D. Fla. 1987)("The rule that one who signs a contract is presumed to know its contents has been applied even to contracts of illiterate persons . . . and his failure to obtain a reading and explanation of it is

7

such gross negligence as will estop him from avoiding it on the ground that he was ignorant of its contents.") Hill correctly asserts that even if the alleged fraud had occurred, a cursory reading of the *single-page* Agreement would have shown the misrepresentation to be in conflict with the Agreement's plain terms. Hall, 912 F. Supp. at 1522. Further, the title of the Agreement is in all caps, bold, and underlined, demonstrating to Gilbert that the document was a work for hire agreement. Given these conditions, Gilbert should have known the contents of the Agreement and voluntarily signed over his rights to the copyrighted material.

Therefore, this Court finds a valid, enforceable contract existed between Hill and Gilbert. Under these circumstances, Gilbert's alleged reliance on Hill's purported misrepresentation was unreasonable as a matter of law. Accordingly, Gilbert's fraud claims (Counts IV, V, VI, VII, VIII, and IX) are dismissed without prejudice and with leave to amend.

**2. Copyright (Counts I, II, and III)**

To establish copyright infringement, "two elements must be proven: 1) ownership of a valid copyright; and 2) copying of constituent elements of the work that are original." Dream

Custom Homes, Inc. v. Modern Day Constr., Inc., 773 F. Supp. 2d 1288, 1301 (M.D. Fla. 2011), *aff'd*, 476 F. App'x 190 (11th Cir. 2012) (citing Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991))(stating that not all copying, is copyright infringement and that establishing copyright infringement requires two specific elements).

"[A]n owner's cause of action for infringement . . . is unenforceable until compliance with the formalities of registration, including the payment of fees and deposit of copies of the work, is shown. Ownership is also demonstrated through such compliance." Donald Frederick Evans & Assoc., Inc. v. Cont'l Homes, Inc., 785 F.2d 897, 903 (11th Cir. 1986).

Gilbert alleges in his twelve-count Amended Complaint that he is the sole owner of the logo and design branding used by Hill, Hill has continued to use his work without permission, and Gilbert's exclusive rights to his copyright have been violated. (Doc. # 23 at ¶¶ 59-63, 67-72). Specifically, Gilbert alleges that on May 22, 2015, he applied for a copyright to the logo he created for Hill. (Id. at ¶ 43).

Hill seeks dismissal of the copyright claim because Gilbert voluntarily assigned all of his copyrights to Hill in

9

the Agreement. (Doc. # 35 at 12). For purposes of the Court's present analysis, the fraud claims could not survive because Gilbert should have known the contents of the single-page Agreement he signed, and he did not plead sufficient factual allegations under Rule 9(b). Therefore, this Court found there was a valid, enforceable contract between Hill and Gilbert. For that reason, this Court finds that Gilbert voluntarily signed over his rights to the copyrighted material and thus cannot make a claim for copyright infringement. Defendants' Motion is therefore granted as to Plaintiff's copyright claim (Counts I, II, and III). However, the dismissal is without prejudice and with leave to amend.

### 3. Unjust Enrichment (Counts X, XI, and XII)

To state a claim for unjust enrichment, a plaintiff must allege, "(1) the plaintiff conferred a benefit on the defendant, who had knowledge of the benefit; (2) the defendant voluntarily accepted and retained the benefit; and (3) under the circumstances it would be inequitable for the defendant to retain the benefit without paying for it." Leedom Mgmt. Grp., Inc. v. Perlmutter, No. 8:11-cv-2108-T-33TBM, 2012 WL 1883765, at *4 (M.D. Fla. May 22, 2012).

In the Motion to Dismiss, Hill maintains that the parties have a valid express contract, the Work for Hire Agreement,

which covers the same subject matter as the unjust enrichment claim. (Doc. # 35 at 14). This Court agrees that "Florida courts have held that a plaintiff cannot pursue a quasi-contract claim for unjust enrichment if an express contract exists concerning the same subject matter." Williams v. Wells Fargo Bank, No. 11-21233, 2011 WL 4901346, at *6 (S.D. Fla. Oct. 14, 2011)(internal quotation marks and citation omitted).

As Hill argues, however, a party may "plead in the alternative for relief under an express contract and for unjust enrichment" but only when "one of the parties asserts that the contract governing the dispute is invalid." Id. Although Gilbert argues there is a dispute as to whether the Agreement was valid and enforceable due to misrepresentation and fraud by Hill, the Court has concluded those claims fail as a matter of law. Since the express contract is valid, the unjust enrichment claim cannot stand.

Hill's Motion is therefore granted as to Gilbert's unjust enrichment claims (Counts X, XI, and XII). These counts are dismissed without prejudice and with leave to amend.

**Conclusion**

For the proceeding reasons, the Court grants Hill's Motion to Dismiss (Doc. # 35). However, the Court grants Gilbert leave to file a Second Amended Complaint, if he so chooses, by November 3, 2016, barring which the case will be closed.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Hill's Motion to Dismiss (Doc. # 35) is **GRANTED**. Gilbert's Amended Complaint (Doc. # 23) is **DISMISSED WITHOUT PREJUDICE**.

(2) Gilbert is authorized to file a Second Amended Complaint, if he so chooses, on or before November 3, 2016. Failure to do so will result in closure of this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 20th day of October, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE